IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK M. JOSEPH | ) |
| 4334 Shafter Avenue | ) |
| Oakland, CA  94609 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number: 14-1896 |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF STATE | ) |
| 2201 C Street NW | ) |
| Washington, D.C. 20520 | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES AGENCY FOR | ) |
| INTERNATIONAL DEVELOPMENT | ) |
| Ronald Reagan Building | ) |
| Washington, D.C.  20523 | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.  INTRODUCTION**

1.  Plaintiff Patrick M. Joseph ("Plaintiff") brings this action seeking declaratory and

injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552 *et. seq*., by Defendants United States Department of State ("DOS") and United States

Agency for International Development ("USAID") in failing to provide Plaintiff with all non-

COMPLAINT                                                                 - 1 -

exempt records responsive to his March 12, 2013 FOIA requests submitted to each of these federal agencies, seeking copies of any agency records pertaining to the Cambodian non-governmental organization Agir pour les Femmes en Situation Precaire ("AFESIP"), which runs shelters for girls and women who have escaped, or were rescued, from sex traffickers.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, Patrick M. Joseph, is an individual who, at all times relevant herein, has resided in Oakland, California, which is located in Alameda County, California.

5.  Defendants United States Department of State and USAID are federal agencies of the United States, and as such, are subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of  "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

### United States Department of State

13.  On or about March 12, 2013, Plaintiff sent a FOIA request to the United States Department of State seeking agency records, from 1996 to the present, pertaining to the Cambodian non-governmental organization Agir pour les Femmes en Situation Precaire (AFESIP), that runs shelters for girls and women who have escaped, or who have been rescued from sex traffickers.

14.  On or about April 23, 2013, Mary Therese Casto, Chief, Requester Communications Branch of the United States Department of States, sent a letter to Plaintiff, acknowledging the agency's receipt of his March 12, 2013 FOIA request, and indicating that this records request had been assigned as case number F-2013-05276.

15.  On or about August 28, 2013, Plaintiff sent an email to FOIAstatus@state.gov requesting a status update for his March 12, 2013 FOIA request.

16.  On or about March 18, 2014, Plaintiff sent another email to FOIAstatus@state.gov requesting a status update for his March 12, 2013 FOIA request.

17.  On or about March 19, 2014, Jennine A. Daniels from the U.S. Department of State, sent an email response notifying Plaintiff that his request for a status update on his March 12, 2013 FOIA "has been forwarded to the appropriate office for action."

18.   On or about March 27, 2014, Plaintiff sent another email to FOIAstatus@state.gov requesting a status update for his March 12, 2013 FOIA request.

19.   On or about April 7, 2013, Plaintiff sent another email to FOIAstatus@state.gov requesting a status update for his March 12, 2013 FOIA request.

20.  On or about April 10, 2014, Plaintiff sent another email to FOIAstatus@state.gov requesting a status update for his March 12, 2013 FOIA request.

21.  On or about April 18, 2014, an anonymous email was sent to Plaintiff from the State Department's FOIAstatus@state.gov email address, stating that the agency's estimated completion date for Plaintiff's March 12, 2013 FOIA request was September 2014.

22.  On or about April 18, 2014, Plaintiff sent an email to FOIAstatus@state.gov, inquiring as to whether any other record requests have been made for the same information.

23.  On or about April 25, 2014, the State Department sent Plaintiff an anonymous email, via the agency's FOIAstatus@state.gov email address, responding to Plaintiff's April 18, 2014 query described in the paragraph above, stating only "No, I cant."

24.  On or about May 20, 2014, Plaintiff's attorney Daniel J. Stotter sent a follow-up letter to the Department of Stat's Office of Information Programs and Services in Washington D.C., noting that the State Department  was in significant violation of the statutory requirements of the Freedom of Information Act by failing to timely respond to

Plaintiff's March 12, 2013 FOIA request, and requesting that the State Department take immediate actions to provide Plaintiff with a final FOIA response, and copies of the records that he had requested.

25.  On or about May 27, 2014, Ms. Eva O. Tyler from the Department of State emailed Plaintiff's attorney, Mr. Stotter, indicating that the agency was acitvely processing Plaintiff's March 12, 2013 FOIA request, and that the estimated completion date for this FOIA request was September 2014.

26.  As of the date of the filing of this action, Plaintiff has still not received a final response, nor any responsive records from the State Department to his March 12, 2013 FOIA request sent to that agency.

## United States Agency for International Development

27.  On or about March 12, 2013, Plaintiff sent a FOIA request to the United States Agency for International Development ("USAID"), seeking agency records, from 1996 to the present, pertaining to the Cambodian non-governmental organization Agir pour les Femmes en Situation Precaire (AFESIP), that runs shelters for girls and women who have escaped or been rescued from sex traffickers.

28.  On or about April 9, 2013, Willette Smith, FOIA Consultant for USAID's Bureau for Management, sent an email to Plaintiff acknowledging USAID's receipt of his March 12, 2013 FOIA request, and indicating that this records request had been assigned as tracking number F-00192-13. Additionally, Ms. Smith requested that Plaintiff provide

additional information addressing the following items for his FOIA request:

A. A copy of a current contract with a news media entity; or

B. Copies of his most recent articles (written within the last three (3) years; and

C. A query as to whether he planned to use his editorial skills to create new content based on the material gathered to distribute to an audience?

29.  On or about April 10, 2013, Plaintiff responded to USAID via email providing proof of Plaintiff's current media affiliation, and indicating his intent to use the information that he had requested in his March 12, 2013 FOIA request to create new content by writing an article regarding the information contained in these records, for distribution in a national print publication.

30.  On or about April 12, 2013, Willette Smith, FOIA Consultant for the USAID, sent an email to Plaintiff, confirming that the information Plaintiff had provided in his April 10, 2013 email was sufficient, and thereafter, sent Plaintiff a further follow-up email on that date, confirming that his FOIA request would be processed, and that this records request had been assigned as FOIA tracking number F-00192-13, and indicating that he had been placed in the "news media" fee category for this FOIA request.  This email also indicated that due to the delay in the agency acknowledging this FOIA request, all fees would be waived for this records request.   This email further indicated that this FOIA request had been assigned to USAID Government Information Specialist Brooke Nichols, and provided her direct contact information.

31. On or about August 28, 2013, Plaintiff sent an email to Ms. Nichols at the USAID's Bureau for Management, Information and Records Division, inquiring as to the status of his March 12, 2013 FOIA request, and requesting an update as to when he could expect to receive the materials responsive to that FOIA request.

32. On or about August 29, 2013, Brooke Nicholas, Government Information Specialist for the US Agency for International Development ("USAID") sent an email to Plaintiff, indicating that the agency was in the process of locating the documents requested, and that once the review was complete, she would advise Plaintiff , via email, as to when he could expect the agency's response.

33.  In a follow-up email to Plaintiff, also sent on August 29, 2013, Ms. Nichola re-confirmed that the agency would be sending information on a "rolling basis" and that her priority and initial focus would be on providing responsive records for the time frame of 2004 through 2013 for this FOIA request.

34. On or about March 10, 2014, Plaintiff sent an email to Brooke Nicholas, Government Information Specialist for USAID, requesting a status update on his March 12, 2013 FOIA request.

35. On or about March 12, 2014, Ms. Brooke Nicholas, Government Information Specialist for USAID, responded to Plaintiff's request for status update via email, indicating that the agency's search was now complete, and appeared responsive to Plaintiff's request, and that she would be sending a further update the following day.

36. On or about March 13, 2014, Ms. Brooke Nicholas, Government Information Specialist for USAID sent a follow-up email to Plaintiff, stating that the agency was enlisting input from their implementing partners about the extent that information could be released, to determine if any of the responsive documents contained any confidential commercial financial information, and noting that this process was to be completed by March 18, 2014.

37.  On or about March 18, 2014, Brooke Nicholas, Government Information Specialist for USAID sent, via email, a letter to Plaintiff, advising Plaintiff that USAID believed that responsive records to Plaintiff's March 12, 2013 FOIA request may be protected from disclosure under FOIA Exemption (b)(4), and advising that the agency planned to provide pre-disclosure notifications, to determine if there were any objections from any business submitting confidential responsive records for this FOIA request, and indicating any such business submitters would be provided ten business days to provide a statement of objection to disclosure, which would cause some delay in USAID providing a final response to Plaintiff for his FOIA request.

38.  On or about April 7, 2014, Plaintiff sent an email to Brooke Nicholas, Government Information Specialist for USAID, requesting a status update on his March 12, 2013 FOIA request.

39. On or about April 11, 2014, Plaintiff sent another email to Ms. Nicholas, requesting a status update on his March 12, 2013 FOIA request.

40.  On or about April 15, 2014, Brooke Nicholas, Government Information Specialist for USAID, sent an email to the Plaintiff stating that the search for responsive records to his FOIA request had been completed, and that she was awaiting clearance for issuing an interim response.

41. On or about May 7, 2014, Brooke Nicholas, Government Information Specialist for USAID sent a letter to Plaintiff referenced as "1st Interim Response F-00192-13."  This letter stated that the agency had found no records responsive to that portion of Plaintiff's  March 12, 2013 FOIA request seeking any prior similar FOIA request records received by the agency related to AFESIP, and further indicating that the agency had located some responsive records related to AFESIP that were responsive Plaintiff's FOIA request, and that the agency would be contacting him once their review and analysis of those records was completed.

42. On or about May 7, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for USAID, requesting a time frame for a response to Plaintiff's March 12, 2013 FOIA request.

43. On or about May 8, 2014, Brooke Nicholas, Government Information Specialist for USAID, sent an email to the Plaintiff stating that she would provide a further update status by May 20, 2014, regarding USAID's completion of Plaintiff's March 12, 2013 FOIA request.

44. On or about May 20, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for the US Agency for International Development, requesting an update as to the status of the agencies response to Plaintiff's March 12, 2013 FOIA request.

45. On or about May 29, 2014, Brooke Nicholas, Government Information Specialist USAID sent an email to the Plaintiff stating that she would have an update by June 6, 2014 as to the estimated time frame for the agencies response to Plaintiff's March 12, 2013 FOIA request.

46. On or about June 4, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for USAID, inquiring as to whether the agency would have a status update by June 6, 2014, regarding his March 12, 2013 FOIA request, as previously indicated by the agency's email of May 29, 2014.

47. On or about June 4, 2014, Ms. Nicholas sent an email to the Plaintiff, stating that another update would be provided in a few days.

48. On or about June 5, 2014 Brooke Nicholas, Government Information Specialist for USAID, sent an email to the Plaintiff, stating that she was waiting to hear back from the remaining organizations that had "an equity" in the documents which he had requested, and that these organizations have "until the beginning of the third week" to convey their release recommendations, and that thereafter, she would provide Plaintiff a subsequent update with an estimated date of completion for his FOIA request.

49. On or about June 13, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for USAID, requesting a status update on his  March 12, 2013 FOIA request.

50. On or about June 26, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for USAID,  requesting a status update on his March 12, 2013 FOIA request.

51. On or about July 21, 2014, Brooke Nicholas, Government Information Specialist for USAID sent an email to the Plaintiff stating that she was in the process of reviewing the documents, that her goal was to provide Plaintiff with a realistic estimate about when his FOIA request would be fulfilled, and that she should be able to provide a realistic estimate within the month of July.

52. On or about August 5, 2014, Plaintiff sent another email to Brooke Nicholas, Government Information Specialist for USAID, requesting a status update on his March 12, 2013 FOIA request.

53. On or about August 7, 2014, Brooke Nicholas, Government Information Specialist for USAID, sent an email to the Plaintiff, stating that she did not have any additional updates to provide at this time as to the status of his FOIA request.

54.   As of the date of filing this action, Plaintiff has not received a final determination, nor any responsive records for his March 12, 2013 USAID FOIA request.

## VII. CLAIMS FOR RELIEF

### First Claim -Department of State Violations of FOIA

55.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 26 previously set forth herein.

56.  Defendant Department of State has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his March 12, 2013 FOIA request.

57.  By failing to provide Plaintiff with all non-exempt responsive record to his FOIA request described in paragraph 56 herein, Defendant Department of State has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

58.  Unless enjoined by this Court, Defendant Department of State will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 56 above.

59.  Plaintiff is directly and adversely affected and aggrieved by Defendant State Department's failure to provide responsive records to his FOIA request described above.

60.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

61.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## Second Claim - USAID Violations of FOIA

62. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 27 - 54 previously set forth herein.

63. Defendant United States Agency for International Development has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his March 12, 2013 FOIA request sent to that agency.

64. By failing to provide Plaintiff with all non-exempt responsive to his FOIA request described in paragraph 63 above, Defendant United States Agency for International Development has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act

65. Unless enjoined by this Court, Defendant United States Agency for International Development will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 63 above.

66. Plaintiff is directly and adversely affected and aggrieved by Defendant USAID's failure to provide all responsive records to his FOIA requests described above.

67. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

68. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant Department of State has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his March 12, 2013 FOIA request.

2.  Direct by injunction that the Department of State provide Plaintiff with all non-exempt responsive records to Plaintiff's March 12, 2013 FOIA request.

3.  Declare Defendant United States Agency for International Development has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his March 12, 2013 FOIA request.

4.  Direct by injunction that United States Agency for International Development provide Plaintiff with all non-exempt responsive records to Plaintiff's March 12, 2013 FOIA request.

5.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

6.  Provide such other relief as the Court deems just and proper.

DATED: This 10th day of November 2014.

Respectfully submitted,

_____/S/_____
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E

Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**